Prob 12C
TNMP (11/2018)

# UNITED STATES DISTRICT COURT
## for
### Middle District of Tennessee

### Petition for Summons for Offender on Supervision

Name:  William Springfield                    Docket Number: 3:23-CR00148-001

Name of Current Judicial Officer:  The Honorable Eli Richardson, U.S. District Judge

Name of Sentencing Judicial Officer: The Honorable Samuel H. Mays, Jr., U.S. District Judge (WD/TN)

Date of Original Sentence: January 31, 2013

Original Offense:  21 U.S.C. § 841(a)(1) & 21 U.S.C. § 846 Conspiracy to Possess with the Intent to Distribute and Distribution of Not Less Than 1,000 Kilograms of Marijuana

Original Sentence: 120 months' custody followed by five years' supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: December 13, 2021

Assistant U.S. Attorney: Katy Risinger          Defense Attorney: To Be Determined

---

### PETITIONING THE COURT

☒ **To Issue a Summons**
☐ **To Issue a Warrant**
☐ **To Consider Additional Violations\Information**

---

The Court Orders:
☐   No Further Action at this Time
☒   The Issuance of a Summons
☐   The Issuance of a Warrant
　　　☐   Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐   The Consideration of Additional Violations and/or Information
☐   Other

Considered, this 15th day of July,
2026, and made part of the record in the above
case.

Eli Richardson

The Honorable Eli Richardson
United States District Judge

I declare under penalty of perjury that the
foregoing is true and correct.
Respectfully submitted this 14th day of July,
2026.

Gary Singleton

Gary R. Singleton
U.S. Probation Officer

Place: Nashville, TN

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
| --- | --- |

**1.**      **The defendant shall not commit another federal, state or local crime**

On February 26, 2025, a sealed capias warrant was issued as a result of an indictment in the State of Tennessee for Mr. Springfield for the following charges:

- Theft of Property - $10,000 or > but < $60,000, in violation of T.C.A., 39-14-103, a felony
- Theft of Services - $10,000 or > but < $60,000, in violation of T.C.A., 39-14-104, a felony
- Worthless Check - $10,000 or > but < $60,000, in violation of T.C.A., 39-14-121, a felony

**Details:** Information regarding this incident was obtained from a police report filed by Michael Nieves of the Metropolitan Nashville Police Department (MNPD) on November 15, 2023. Mr. Springfield is alleged to have issued a check in the amount of $45,000 to compensate a trucking company for hauling services performed on behalf of his clients. The check was subsequently returned due to insufficient funds. The reporting party further alleged that Mr. Springfield later acknowledged that sufficient funds were not available in the account at the time the check was issued. The reporting party also advised that legal counsel had been retained in connection with the matter.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Springfield's term of supervised release commenced on December 13, 2021. His supervision will terminate on December 13, 2026. Mr. Springfield currently resides in Murfreesboro, Tennessee. He is employed with Rogers Group Inc. based in Columbia, Tennessee. Mr. Springfield has maintained gainful employment throughout his time on supervision.

## Update of Offender Characteristics:

This officer instructed Mr. Springfield on multiple occasions to voluntarily surrender and resolve the outstanding warrant. Although Mr. Springfield acknowledged these instructions, he failed to do so. Mr. Springfield reported that he contacted the MNPD by telephone regarding the warrant and was advised that personnel would return his call with additional information. Mr. Springfield stated that he never received any follow-up communication regarding the matter. The outstanding warrant remains unresolved.

## U.S. Probation Officer Recommendation:

The probation officer respectfully recommends the issuance of a summons, so that Mr. Springfield may answer to the above noncompliant behavior.

**SENTENCING RECOMMENDATION**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**
**UNITED STATES V. WILLIAM SPRINGFIELD CASE NO.  3:23-CR00148-001**

**GRADE OF VIOLATION:**          B
**CRIMINAL HISTORY:**            I

**ORIGINAL OFFENSE DATE**:          **POST APRIL 30, 2003**          **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **Custody:** | **5 years** (Class A felony) *18 U.S.C. § 3583(e)(3)* | **4-10 months** *U.S.S.G. § 7C1.5* | **No Recommendation** |
| **Supervised Release:** | **5 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | **Not More than 5 years** *U.S.S.G § 5D1.2(a)(1)* | **None to follow** |

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:**
U.S.S.G. § 7C1.1(a)(2) Grade B Violations - conduct constituting any federal, state, or local offense punishable by a term of imprisonment exceeding one year.

U.S.S.G. § 7C1.3(a) and (b) Upon receiving a report that the defendant is in non-compliance with a condition of supervised release, the court should conduct an individualized assessment to determine what response, if any, is appropriate. Upon a finding of a violation for which revocation is required by statute (see 18 USC 3583(g)), the court shall revoke supervised release. Upon a finding of any other violation, the court shall conduct an individualized assessment, taking into consideration the grade of violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

Approved:

_Charles Ingram_

Charles E. Ingram
Supervisory U.S. Probation Officer

**VIOLATION WORKSHEET SUPERVISED RELEASE**

1. **Defendant** <u>William</u> <u>Springfield</u>

2. **Docket Number** (*Year-Sequence-Defendant No.*) <u>3:23-CR00148-001</u>

3. **District/Office** <u>Middle District of Tennessee/Columbia</u>

4. **Original Sentence Date** <u>1/31/2013</u>

5. **Original District/Office** <u>Western District of Tennessee</u>
   *(if different than above)*

6. **Original Docket Number** (*Year-Sequence-Defendant No.*) <u>2:11CR20118-12-SHM</u>

7. **List each violation and determine the applicable grade** (see §7C1.1(a)):

   <u>Violation(s)</u>                                                                                    <u>Grade</u>
   <u>The defendant shall not commit another federal, state, or local crime</u>          <u>B</u>

8. **Most Serious Grade of Violation** (see §7C1.1(b)) <u>**B**</u>

9. **Criminal History Category** (see §7C1.5) <u>**I**</u>

10. **Range of Imprisonment** (see §7C1.5**) <u>4-10 Months</u>**

11. **Revocation of Supervised Release (Policy Statement Per** §7C1.4**):**

   (a) In the case of a revocation of supervised release, the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in §7C1.5 (Term of Imprisonment – Supervised Release (Policy Statement)).

   (b) Any term of imprisonment imposed upon the revocation of supervised release generally includes the imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

   (c) If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

12. **Unsatisfied Conditions of Original Sentence**

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7C1.4):

| | | | |
|---|---|---|---|
| Restitution($) | $ | Community Confinement | Click or tap here to enter text. |
| Fine($) | $ | Home Detention | Click or tap here to enter text. |
| Other | Click or tap here to enter text. | Intermittent Confinement | Click or tap here to enter text. |

13. **Supervised Release**

If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release (see 18 U.S.C. §3583(e), §§5D1.1-1.3 §7C1.4(c)).

Term: Click or tap here to enter text. to Click or tap here to enter text. years

Period of supervised release to be served following release from Click or tap here to enter text. imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:
Click or tap here to enter text.

15. **Official Detention Adjustment** (see §7C1.6(a) & (b)): Click or tap here to enter text. months
Click or tap here to enter text. days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002